**In re Adoption of SHERRY.**

[Cite as *In re Adoption of Sherry* (1995), 107 Ohio App.3d 830.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2431–M.

Decided Dec. 20, 1995.

*L. Ray Jones,* for appellant William Sherry, Jr.

*Jill Heck,* for appellee Michael Flax.

REECE, Judge.

Appellant-petitioner, William Sherry, Jr., appeals from the decision of the probate court dismissing his petition for adoption based upon a lack of consent from the natural father, appellee Michael Flax. We affirm.

Victoria Lynne DeMeulenare was born April 12, 1991. She is the natural daughter of Lori Lynne Sherry, formerly DeMeulenare. Steven and Lori Lynne DeMeulenare were divorced on September 11, 1991. In that proceeding, Steven DeMeulenare was declared not to be the father of the child. The child's birth certificate does not list a father. The child's name was legally changed to Victoria Lynne Thomason, her mother's maiden name, in October 1992.

During the period she was separated from Steven DeMeulenare, Lori Lynne was involved in a relationship with Michael Flax. The relationship ended in December 1990, four months prior to Victoria Lynne's birth. Flax contends he was unaware the child was his until after the 1991 divorce proceeding.

In May 1992, Flax, through counsel, began formal communication with Lori Lynne's counsel. His letters expressed a wish to legitimize the child and begin visitation and support, and included proposed visitation and support schedules. The two parties were unable to reach an agreement.

In approximately June 1992, Lori Lynne and Victoria began living with William Sherry, Jr. Lori Lynne and Sherry were married on December 1, 1992. On

January 6, 1993, Flax filed a complaint to establish parentage. From May through August 1993, Flax's communications to Lori Lynne's counsel included payments for support. All checks were returned to Flax uncashed. A December 29, 1993, Stark County Court of Common Pleas judgment entry established Flax as the legal and natural father of Victoria Lynne. Thereafter, on March 4, 1994, Sherry filed a petition to adopt Victoria Lynne. Flax filed a notice of intent to contest the adoption on March 29, 1994.

After a hearing on July 1, 1994, the probate court determined the consent of the natural father was required and, therefore, dismissed Sherry's petition for adoption.

Sherry's sole assignment of error states: "The Medina County Probate Court erred in applying the O.R.C. Section 3107.07(A), instead of 3107.07(B) in determining the consent of the father was necessary for Petitioner's adoption, as the issue of the putative father's abandonment was before the Court."

R.C. 3107.06 provides:

"Unless consent is not required under section 3107.07 of the Revised Code, a petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following:

"(A) The mother of the minor;

"(B) The father of the minor, if the minor was conceived or born while the father was married to the mother, if the minor is his child by adoption, or if the minor has been established to be his child by a court proceeding;

" * * *

"(F) Subject to division (B) of section 3107.07 of the Revised Code, the putative father, if he:

"(1) Is alleged to be the father of the minor in proceedings brought under sections 3111.01 to 3111.19 of the Revised Code at any time before the placement of the minor in the home of the petitioner;

"(2) Has acknowledged the child in a writing sworn to before a notary public at any time before the placement of the minor in the home of the petitioner;

"(3) Has signed the birth certificate of the child as an informant as provided in section 3705.09 of the Revised Code;

"(4) Has filed an objection * * * with the * * * department of human services at any time before the placement of the minor in the home of the petitioner, or with the probate court or the department of human services within thirty days of the filing of a petition to adopt the minor or its placement in the home of the petitioner, whichever occurs first."

We initially note that the provisions in R.C. Chapter 3107 must be read *in pari materia* with the other provisions of R.C. Title 31. R.C. 3111.13(A) states that the judgment or order determining parentage is *determinative for all purposes.* In deciding whether the father's consent is required before adoption, the first question must be in which class, either R.C. 3107.06(B) or 3107.06(F), the father is included. If R.C. 3107.06(B) applies, then R.C. 3107.07(A) will govern the conditions under which the father's consent is not required. If R.C. 3107.06(F) applies, then R.C. 3107.07(B) will govern. Sherry contends that Flax should be considered the putative father for purposes of this action and thus falls within the conditions of R.C. 3107.07(B), which states:

"Consent to adoption is not required of any of the following:

" * * *

"(B) The putative father of a minor if the putative father fails to file an objection with the court, the department of human services, or the agency having custody of the minor as provided in division (F)(4) of section 3107.06 of the Revised Code, or files an objection with the court, department, or agency and the court finds, after proper service of notice and hearing, that he is not the father of the minor, or that he has willfully abandoned or failed to care for and support the minor, or abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or its placement in the home of the petitioner, whichever occurs first[.]"

However, the probate court reasoned that because Flax was judicially declared Victoria's father, R.C. 3107.07(A) applied. According to that section, consent to adoption is not required if:

"A parent of a minor * * * has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

The probate court, citing *In re Adoption of Sunderhaus* (1992), 63 Ohio St.3d 127, 585 N.E.2d 418, stated that the one-year period contained in R.C. 3107.07(A) commences on the date parentage is judicially determined. Because Flax established parentage approximately three months prior to Sherry's application for adoption, the court dismissed the application. We agree with the probate court's determination that *Sunderhaus* is controlling in the present case.

*Sunderhaus* was an adoption proceeding wherein a stepfather attempted to adopt a minor child. As in the case *sub judice*, prior to the filing of the adoption petition the putative father filed a parentage action. The parent-child relation-

ship was thereafter established.[1] In the adoption action, the stepfather argued that for purposes of determining the necessity of the father's consent, the determination of paternity reverted to the birth of the child. Thus, the father's actions regarding communication and support should be analyzed from the child's birth.

The Supreme Court, in rejecting the stepfather's argument, stated that because "the paternity action was instituted prior to the filing of the petition for adoption and the parentage of appellee was established prior to the date that the petition for adoption was granted * * * any reference to the statutory provisions governing the rights of the putative father of the minor is unnecessary." *Sunderhaus,* 63 Ohio St.3d at 130, 585 N.E.2d at 420, fn. 1. After determining that R.C. 3107.06(B) and 3107.07(A) governed the case, the court held that the one-year period of nonsupport prescribed by R.C. 3107.07(A) commences on the date that parentage has been judicially established.[2] *Id.* at 132, 585 N.E.2d at 421–422.

In *Sunderhaus,* parentage was determined prior to the adoption hearing. Similarly, Flax was judicially established as Victoria's father prior to both the filing of the adoption petition and the July 1, 1994 adoption hearing. The putative father provisions contained in R.C. 3107.06(F) and 3107.07(B) did not apply. The probate court correctly determined that Flax was an R.C. 3107.06(B) father, and thereby properly applied R.C. 3107.07(A). At the time of the filing of the adoption petition, the R.C. 3107.07(A) one-year period had only been in effect for three months. Therefore, Sherry's petition was properly dismissed.

Sherry's sole assignment of error is overruled and the order of the probate court dismissing his petition for adoption is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and SLABY, J., concur.

---

1. Flax's parentage action was both filed *and* determined before Sherry's adoption petition was filed. While the adoption petition in *Sunderhaus* was filed prior to the parentage determination, the father-child relationship in *Sunderhaus* was judicially established prior to the adoption hearing and judgment entry.

2. It should be noted that this determination is limited to R.C. 3107.07(A). In an action seeking past and current child support, the duty of support will commence on the date of the child's birth, not on the date parentage is judicially determined. See *Seegert v. Zietlow* (1994), 95 Ohio App.3d 451, 642 N.E.2d 697.